UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UMER FAROOQ,

                Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, et al.,

                Defendants.
------------------------------------------------------------X

19 CIVIL 6294 (JMF)

**JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated August 25, 2020, Defendants' motion to dismiss is GRANTED, and all of Farooq's federal claims, as well as his claims under the New York State Constitution and the NYSHRL, are dismissed with prejudice. His remaining claims under state and local law are dismissed without prejudice to refiling them in state court. The only remaining question is whether Farooq should be granted leave to amend. Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is ultimately "within the sound discretion of the district court to grant or deny leave to amend," McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Here, Farooq does not request leave to amend, and the Court has declined to grant him leave to amend sua sponte. Farooq was previously granted leave to amend to cure the deficiencies raised in the present motion to dismiss and expressly warned that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No 37; see also ECF No. 52. Moreover, as noted, Farooq "has not requested permission to file a [Third] Amended Complaint." Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014). Nor has he "given any indication that he is in possession of facts that would cure the problems". At

bottom, because Farooq's "failure to fix deficiencies in [his] previous pleadings is alone sufficient ground to deny leave to amend sua sponte," the Court has declined to grant such leave here. Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P., 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013); accordingly, this case is closed.

**Dated:**  New York, New York

August 25, 2020

**RUBY J. KRAJICK**

**Clerk of Court**

BY: *[signature]*

**Deputy Clerk**